PROVOST'S EXECUTOR vs. PROVOST and others.

1 Testator authorized his executors, in their discretion, to sell all or any part of his real estate not devised by his will. He devised, and unmistakably intended to devise, all of his real estate, but he specifically devised his homestead, using the term *devise* in that connection alone, and devised all the rest of his real estate by the residuary clause, using, for the purpose, the word *give*. It was necessary to sell the real estate devised by the residuary clause, in order to execute the will and discharge the trusts thereby created. *Held*, that the power of sale was intended to apply to the real estate devised by the residuary clause.

2. The intention of the testator is the law of wills, and where that intention can be ascertained, if not in violation of the rules of law, it will prevail over technical rules, and words in their technical or even ordinary meaning.

Bill for construction of will. On final hearing on bill and answer.

THE CHANCELLOR.

Jonathan Provost, deceased, late of the county of Essex, by his will, after directing payment of his debts, gave to his wife, for life, in lieu of dower, the use of his household furniture, and the interest of a certain considerable sum of money, and gave and devised to her, for life, the use of his dwelling-house and appurtenant buildings and part of the homestead lot. He then gave considerable pecuniary legacies to two of his grandchildren, to be paid to them on their attaining to their majority; the interest, in the meantime, to be devoted to their support. He directed his executors to invest the sums requisite to raise the interest given to his wife, and to invest the legacies to his grandchildren, and to pay over the interest. He then gave to his son Thomas, after the death of his wife, the homestead premises, the use whereof he had, as before mentioned, devised to his wife for life, and then gave all the rest of his real and personal estate, including the money to be invested to raise the interest given to his

wife, to his three children. After appointing his executors, he adds (referring to them), " and do hereby authorize them, in their discretion, to sell and convey all or any part of my real estate not herein and hereby devised." It is necessary to sell the real estate devised by the residuary clause, in order to execute the will and discharge the trusts thereby created, and the question is whether the executors have, in fact, any power under the will to sell it. The testator devised, and unmistakably intended to devise, all of his real estate. He, however, uses the term " devise " only in connection with the gift of the use of his homestead for life to his wife. In devising the remainder therein to Thomas, he uses the word "give" only, and so in the residuary clause. The power of sale was obviously intended to apply to the real estate devised by the residuary clause, for otherwise it could have no application whatever. By that clause he had expressly devised all of his real estate, remaining after the devise of part of the homestead. By the term devised, in the power of sale, he evidently meant specifically devised. His intention is clear. Said Chancellor Williamson, in *Stokes* v. *Tilly*, 1 *Stockt.* 130 : " The intention of the testator is the law of wills, and when that intention can be ascertained, if not in violation of the rules of law, it will prevail over technical rules, and words in their technical or even ordinary meaning." See *Wigram on Wills, Prop.* 1, and *Hawkins on Wills* 5.